# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| F. BARRON STONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 3:04-CV-277-MU |
| DUKE ENERGY CORPORATION, ) | |
| DUKE ENERGY BUSINESS SERVICES ) | |
| (DEBS), ) | |
| ) | |
| Defendants. ) | |

## CONSENT PROTECTIVE ORDER

This cause coming before the Court pursuant to the agreement of the plaintiff, F. Barron Stone, and defendants Duke Energy Corporation and Duke Energy Business Services (DEBS) ("Duke Energy"), and the Court being advised:

(a) The plaintiff has requested the production of certain documents which relate to the above-captioned case.

(b) The plaintiff has served interrogatories upon Duke Energy and further has indicated that he may take the depositions of several individuals presently or formerly employed by Duke Energy.

(c) The documents responsive to plaintiff's request to produce include certain documents that Duke Energy maintains are proprietary,

confidential, classified, and/or subject to the attorney-client privilege or work product doctrine.

(d) Information responsive to plaintiff's interrogatories, and the transcripts or video or audio recordings of depositions taken by or on behalf of the plaintiff, do and will include information that Duke Energy maintains is proprietary, confidential, classified, and/or subject to the attorney-client privilege or work product doctrine.

IT IS THEREFORE ORDERED:

1. The documents produced pursuant to the plaintiff's document requests and bearing the stamped designation "Confidential," or designated in Duke Energy's responses to plaintiff's document request as "Confidential," shall be treated as confidential unless the Court shall on motion and for good cause shown decide otherwise or except as otherwise provided herein. It is agreed that at the trial of this cause any documents so designated and submitted to the trier of fact shall not bear the stamped designation "Confidential."

2. The interrogatory responses of the defendants, and all transcripts and video or audio recordings of depositions taken by or on behalf of the plaintiff, shall be deemed "Confidential" and shall be treated as confidential unless the Court shall, on motion and for good cause shown, decide otherwise. It is agreed that at the trial of this cause any interrogatory responses of the defendants and any

transcripts and video or audio recordings of depositions taken by or on behalf of the plaintiff submitted to the trier of fact shall not bear the stamped designation "Confidential."

3. Access to documents designated confidential, interrogatory responses of the defendants, and transcripts and video or audio recordings of depositions taken by or on behalf of the plaintiff, and all copies thereof, or the information contained therein, shall be limited to the plaintiff, counsel of record, and secretarial and paralegal assistants actively engaged in this proceeding.

No documents designated confidential, and no interrogatory responses of the defendants, transcripts and video or audio recordings of depositions taken by or on behalf of the plaintiff, or copies thereof, shall be given or provided to any other person, except as provided herein unless either: (i) an order permitting declassification of the documents or information shall have been entered by the Court upon reasonable notice; or (ii) there is agreement of counsel and the parties.

The documents designated confidential, interrogatory responses of the defendants, and transcripts and video or audio recordings of depositions taken by or on behalf of the plaintiff, and copies thereof, shall be used solely in connection with this proceeding and for no other purpose. In addition, the documents designated confidential, interrogatory responses of the defendants, and all transcripts and video or audio recordings of depositions taken by or on behalf of

the plaintiff, and all copies thereof, shall be subject to the provisions of Paragraph 4 hereof.

4. Solely for the purposes of this action, the plaintiff may disclose confidential documents, interrogatory responses of the defendants, and transcripts and video or audio recordings of depositions taken by or on behalf of the plaintiff, or copies thereof, or the information contained therein, to persons who are independent expert witnesses or prospective independent expert witnesses in this action, and to independently retained persons required by the plaintiff to furnish technical or expert services or to give expert opinion testimony with respect to the subject matter thereof for the trial of this action, except that the plaintiff shall make no disclosures to competitors of the defendants. The plaintiff shall provide to each independently retained expert to whom disclosure is being made a copy of this Protective Order and shall require such person to agree to comply with and be bound by the terms of this Protective Order unless and until modified by further order of the Court.

5. Nothing contained herein shall prevent the plaintiff from presenting to the Court in briefs or oral testimony any of the documents or other information covered by this Protective Order or excerpts thereof or information contained therein to the extent use in this matter is necessary, provided that the plaintiff shall give not less than five (5) days prior written notice to counsel for Duke Energy or

file such brief or transcript or oral testimony under seal, pursuant to Local Rule 5.1(D). If the plaintiff elects to give advance notice to Duke Energy, upon Duke Energy's motion, any such brief or transcript or oral testimony shall be filed under seal. Upon the close of this case, the ultimate disposition of protected materials shall be subject to a final order of the Court.

6. No designated person, witness, or counsel shall make any permanent copies of confidential documents, interrogatory responses of the defendants, or any transcripts or video or audio recordings of depositions taken by or on behalf of the plaintiff, or information contained therein, for any use in their business or personal affairs or any other litigation or case. No confidential documents, interrogatory responses of the defendants, or any transcripts or video or audio recordings of depositions taken by or on behalf of the plaintiff, or copies thereof, shall be used for any purpose other than the preparation and conduct of the trial in the above-captioned lawsuit.

7. After the termination of this action, the plaintiff shall collect all copies of all confidential documents, interrogatory responses of the defendants, and all transcripts and video or audio recordings of depositions taken by or on behalf of the plaintiff, which are covered by this Protective Order including copies entrusted to any person to whom disclosure has been made pursuant to this Protective Order, and shall forthwith return the same to counsel for Duke Energy.

8. Nothing herein shall proscribe the plaintiff, upon due notice and motion to the Court, from seeking to challenge the designation of a document or information as confidential.

9. Nothing herein shall be construed as a waiver of any attorney-client privilege or work product protection claimed or asserted by Duke Energy with respect to any document or information covered by this Protective Order, which documents or information will not be produced without a Court Order.

Signed: June 22, 2006

Graham C. Mullen
United States District Judge

AGREED:

/s/ C. Matthew Keen, No. 14204

C. Matthew Keen
North Carolina Bar No. 14204
Homer L. Deakins, Jr.
Georgia Bar No. 214300
Admitted Pro Hac Vice
Margaret H. Campbell
Georgia Bar No. 105978
Admitted Pro Hac Vice
Joseph W. Bryan
Georgia Bar No. 091615
Admitted Pro Hac Vice
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
600 Peachtree Street, N.E.
Suite 2100
Atlanta, Georgia 30308
Telephone: (404) 881-1300
Facsimile: (404) 870-1732

Counsel for Defendants Duke Energy Corporation and Duke Energy Business Services (DEBS)

_____
Gerald A. Bos
WILSON & BOS
521 E. Morehead Street, Suite 510
Charlotte, NC 28202
Telephone: (704) 376-2225
Facsimile: (704) 376-0703

Counsel for Plaintiff F. Barron Stone