IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT F NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV277-MU

| | |
|---|---|
| F. BARRON STONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| DUKE ENERGY CORPORATION, ) | |
| DUKE ENERGY BUSINESS SERVICES ) | |
| (DEBS), ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon Defendants' Motion for Summary Judgment. The Plaintiff has responded, and the Defendants have filed a Reply Brief. This matter is now ripe for disposition.

**BACKGROUND**

This case involves an alleged breach of a settlement agreement between the Plaintiff and the Defendants related to Plaintiff's claims of Sarbanes-Oxley violations which were dismissed earlier.[1] The only remaining claim in Plaintiff's Complaint is Count III labeled "Breach of Settlement Agreement." The Defendants have moved for summary judgment as to this final claim, alleging that Plaintiff has no evidence that he and Duke ever entered into any settlement agreement.

Summary judgment is appropriate when, viewing the facts in the light most favorable to

---

[1] Plaintiff voluntarily dismissed his claims under Section 806 of the Sarbanes-Oxley Act of 2002 (Count I) and Wrongful Demotion Under State Law (Count II).

1

the non-moving party, there is no genuine issue of any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment requires a determination of the sufficiency of the evidence, not a weighing of the evidence. Anderson v. Liberty Lobby, 477 U.S. 242 (1986). The party opposing the motion may not rest upon its pleadings but instead must provide evidence or point to evidence already on the record that would be sufficient to support a jury verdict in its favor. Id. at 248. This evidence must be admissible in trial. See Fed. R. Civ. P. 56(e). For example, hearsay evidence is not supportive of an opposition to a motion for summary judgment. See Greensboro Prof'l Fire Fighters Ass'n v. Greensboro, 64 F.3d 962, 967 (4th Cir. 1995). Moreover, the movant may be entitled to summary judgment merely by showing that the other side will not be able to prove an essential element of its case with respect to which it has the burden of proof. Celotex, 477 U.S. at 322-23.

## DISCUSSION

A settlement agreement is nothing more than a contract. A valid contract is formed between two parties when there is proof of mutual assent as to all essential terms of the agreement and valid consideration. Toth v. Square D Co., 712 F.Supp. 1231, 1235 (D.S.C. 1989). "Regardless of whether the contract is alleged to be express or implied, there must be proof of mutual assent and valid consideration. Mutual assent is a meeting of the minds evidenced by an offer and acceptance to all essential terms of the contract." Storms v. Goodyear Tire & Rubber Co., 775 F.Supp. 862, 866 (D.S.C. 1991). The court has reviewed the Plaintiff's evidence in this case, and finds that he cannot, as matter of law, establish the existence of a valid

contract.

In his Restated Complaint, Plaintiff alleges that Duke proposed an agreement whereby Plaintiff would terminate his employment, terminate his lawyer, forbear from contact with the press or regulators, and be paid $2.5 million. (Restated Complaint ¶¶ 27, 41). He alleges that he objected to one of the conditions of the agreement, that Duke then dropped the offensive condition, and that he accepted the offer. (Restated Complaint, ¶ 27). The Complaint then alleges that Duke breached the agreement by refusing to sign the settlement agreement as discussed and negotiated. (Restated Complaint, ¶ 28).

Plaintiff's evidence, however, does not support the allegations of the Restated Complaint. Plaintiff relies upon the deposition testimony of himself and Executive Director of the PSCSC, Gary Walsh, to support his claim. A review of this testimony, however, only demonstrates that there is no genuine issue of material fact.

First of all, there is no evidence that Duke made an offer as alleged by the Plaintiff. Plaintiff's claim rests exclusively on his report of various communications he had with PSCSC Commissioner Randy Mitchell and Walsh, between October 23, 2002 and November 19, 2002, that he claims referenced non-specific hearsay reports of "settlement" activity between the PSCSC and Duke. (Stone Dep. p. 83). Stone's account indicates nothing more that an assurance by Commissioner Mitchell that a deal with Duke "was being worked on," or "was progressing." Id. at 44-45, 90. He alleges that Mitchell told him that he and the other Commissioners were working with representatives of Duke to get a severance agreement for the plaintiff, that $2.5 million "was the amount that had been discussed . . ." Id. at 89-90, 109-110. Stone admitted in his deposition, however, that he was never told by Mitchell or anyone else that Duke had

3

"offered" any specific terms of a severance agreement. Id. at 94. He also admitted that he was never told that the $2.5 million figure had come from Duke, and that no agent of Duke ever discussed the terms of any such agreement with him. Id. at 103, 119, 122. Plaintiff also admits that no tentative or final agreement was provided to him, and there was no writing memorializing the alleged terms. Id. at 46, 84-86, 95, 97, 125. Plaintiff further reported to Walsh that Duke's lawyer had specifically informed Plaintiff's lawyer that Duke had not made any such offer.

Walsh testified that he never discussed the terms of any agreement with Duke, and that he had no personal knowledge that Duke ever offered to resolve a dispute with Stone on the terms Stone alleges. (Walsh Dep. pp. 28-29, 40, 51, 56). Moreover, Stone's own email messages demonstrate that Duke never conveyed an offer of the terms he claims, and that he had no basis for believing it had. For example, on October 30, 2002, Stone sent an email message to Walsh and Mitchell. He began by relating his understanding of a telephone call between the Defendants' in-house counsel, Bob Bisinar, and his attorney, Gerry Bos. The Plaintiff wrote:

> Bisanar said he has talked w/ both [Duke Power President] Bill Coley and Bill Austin, and their position was there had been no discussions about any settlement agreement, and that in fact Duke's position had not changed from where discussions b/t Gerry (on my behalf) and Bob Bisinar (on Duke's behalf) ended up in July, 2002, and that was that I remain in my present position, period. . . .
> . . .
> The fact that they have not been willing to reduce some sort of an agreement to writing to get the ball rolling, supports the fact that they were not serious about this to begin with.

Plaintiff's evidence simply does not support his allegations that he and Duke agreed upon the material terms of any agreement. Although Plaintiff attempts to argue that the contract was implied-in-fact, it is clear that there must be proof of mutual assent and valid consideration

4

regardless of whether the contract is express or implied.  <u>See</u> <u>Storms</u> 775 F. Supp. at 866.  There is no competent evidence that Duke, or any authorized agent of Duke, said or did anything that could be construed as manifesting assent or an intention to be bound by an agreement with Stone.  Accordingly,

    IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment is hereby GRANTED.

    Signed: February 9, 2007

Graham C. Mullen
United States District Judge